08/03 2008 16 39 FAX 02078138080         ESSEX COURT CHAMBERS                    ⓘ017/018

GLOBAL SECURITY SEALS GROP LIITED

-AND-

NATIONAL PORT AUTHORITY

FURTHER RULING

(6TH March 2008)

———

1. In the Ruling on Jurisdiction dated 3rd March 2008 I held that as sole arbitrator appointed pursuant to Article VIII of the August Agreement, I have jurisdiction to decide on the substance of the claim advanced by GSS; which means, in practice that I must consider how to deal with the possibilities, put in play by NPA in various ways, that the Agreement is vitiated by misrepresentation, bribery and illegality. One way to do so would be simply to ignore them, on the ground that NPA has failed to comply with my direction of 24 January 2008. So that GSS has no properly formulated case to answer and there is no evidence properly before the arbitrator. Since NPA advances no defence other than this particular group of allegations I could proceed directly to an award on liability, using the powers conferred by section 41(4) of the 1966 Act.

2. This is an attractive proposition, since it avoids still further delay in advancing the dispute towards a resolution in which NPA is unwilling either to co-operate or to oppose by the means available to it in the arbitration and the English Court. Indeed, if the issues had been of the kind normally encountered in commercial arbitration I would have had no hesitation in adopting it. The case is, however, out of the ordinary. The sum claimed is some tens of millions of US Dollars, and the issues raised by NPA, for which there is written evidence in support, although by no means unfamiliar at the present time require to be handled with special care.

3. With regret, I have come to the conclusion that to adopt a short cut by way of section 41(1) would be unwise. Instead, I believe that NPA should be given one more opportunity to place its defence formally on the record, and to support it formally with such evidence as it thinks fit. If NPA takes this course I will invite submissions on how the matter can most economically and speedily be progressed. If not, then I will simply decide on the papers as they stand.

EXHIBIT 6

4. Accordingly I make the following **Further Order**, which, is a **Peremptory Order** under section 41(5) of the 1996 Act:

The Respondent National Port Authority shall, not later than 18:00 hrs UTC, on 28 March 2008, serve on GSS and on DLA Piper and on myself as Sole Arbitrator a statement of its grounds of defence to the claim by GSS together with a statement of the evidence adduced in support of its defence

*[signature]*

06-03-08

Lindy